Lea, Sp. J.,
delivered the opinion of the court:
This an action of forcible entry and unlawful detainer, commenced before the justices of the peace, taken by cer-tiorari to the circuit court, where there was judgment for Carson, the plaintiff below, hut Yerner has appealed to this court.
The facts are: Yerner purchased a lot from one ISTichols, and paid the purchase money in full. Upon the lot, Yerner’ built a residence and a blacksmith shop. Yerner was indebted to Carson in about the sum of $76, and to secure Carson, it was agreed that Eiehols should make the deed to Carson instead of Yerner, and thereupon the said Carson and Yemer executed the following instrument:
“The said J. K. E. Carson agrees and obligates himself to make the said T. K. Yerner a deed to the lot he is now occupying, if he satisfies a note the said Carson holds against him for $72.07 on ox before the 16th day of August, 1874. If the said T. K. Yerner fails or refuses to pay the said J. 17. E. Carson the said amount against the said time, the said lot and its appurtenances shall belong to said J. E. E. Carson and his heirs forever.
(Signed) J. E. E. CaRson.
his
T. K. (x) YerneR. mark.
*102 When 'the time arrived in wbieli the money was to be paid, Verner asked further time of two- weeks in which to raise the money. Carson agreed to take wheat. Subsequently, two weeks further time was given, and within that time the weight of proof is that the amount was tendered, but Carson says he did not think there was a sufficiency of the wheat, and that he demanded possession, which being refused, he brought this suit.
This action cannot be maintained. If the above instrument has any binding force or validity it is a mere mortgage. Carson never was in possession of said house and lot, nor is he entitled to- the possession thereof.
This cause will be reversed, and remanded.